UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT SCOTT INGRAM,

           Plaintiff,

   v.

STATE OF WASHINGTON, et al.,

           Defendants.

Case No. C19-0716-RSM-MAT

REPORT AND RECOMMENDATION

      Plaintiff, who is currently confined at the Airway Heights Correctional Center, filed a 28 U.S.C. § 1983 prisoner civil rights complaint against the State of Washington and King County Prosecutor Doug Young. (Dkt. 5-1.) Plaintiff alleges he was "falsely arrested for crimes [he] didn't commit," and that he has been "incarcerated for four years for crimes [he] did not commit." (*Id.* at 5.) Plaintiff further avers that he "was made guilty of crimes [he] did not commit and sentenced to prison for 81 months." (*Id.*) As relief, plaintiff has filed this lawsuit to "prove his innocence" and to be awarded "collateral return" of "180,000,000." (*Id.*)

      Plaintiff recently made identical claims against the State of Washington in *Scott v. State of Washington*, No. 19-517-RAJ-BAT, Dkt. 8 (W.D. Wash. May 1, 2019). The Honorable Brian A. Tsuchida recommended that the action be dismissed with prejudice prior to service because

REPORT AND RECOMMENDATION - 1

1  plaintiff's claims were barred by the statute of limitations and, alternatively, that the action be

2  dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Scott*, Dkt. 4.

3  On May 6, 2019, the Honorable Richard A. Jones adopted the Report and Recommendation and

4  dismissed the case with prejudice based on the statute of limitations. *See id.*, Dkt. 11.

5  The only difference between the instant case and *Scott* is that plaintiff names Mr. Young

6  as an additional defendant. His substantive claims remain the same. Therefore, for the reasons

7  Judge Tsuchida explained in *Scott*, this action is barred by the statute of limitations. The Court

8  thus recommends that this action be DISMISSED with prejudice for failure to state a claim upon

9  which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Jones v. Bock*, 549 U.S.

10  199, 214-15 (2007) (if "relief is barred by the applicable statute of limitations, the complaint is

11  subject to dismissal for failure to state a claim"). The Court further recommends that this dismissal

12  count as plaintiff's second[1] STRIKE under 28 U.S.C. § 1915(g) (prisoner may not proceed *in*

13  *forma pauperis* if prisoner has, on three or more prior occasions while incarcerated, brought an

14  action or appeal that was dismissed a frivolous, malicious, or for failure to state a claim, unless the

15  prisoner is under imminent danger of serious physical injury). *See Belanus v. Clark*, 796 F.3d

16  1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike

17  pursuant to 28 U.S.C. § 1915(g)); *Chatman v. Frazier*, No. 13-1605, 2016 WL 1257834, at *1

18  (E.D. Cal. Mar. 31, 2016) (same).

19  Objections to this Report and Recommendation, if any, should be filed with the Clerk and

20  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

21  and Recommendation is signed. Failure to file objections within the specified time may affect

22  your right to appeal. Objections should be noted for consideration on the District Judge's motions

---

[1] Although Judge Jones's dismissal of plaintiff's first case did not expressly state that the dismissal should count as a strike, it meets the criteria under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 2

calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 21, 2019**.

Dated this 28th day of May, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3